UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY JOSEPH MONACO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 15-155 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.　SUMMARY**

　　On January 23, 2015, Tony Joseph Monaco ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

　　This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 27, 2015 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 10, 2010, a prior Administrative Law Judge ("prior ALJ") found plaintiff not disabled in connection with a prior application for benefits ("Prior ALJ's Decision").[1]  (Administrative Record ("AR") 11, 55-56).

On May 18, 2012, plaintiff filed an application for Supplemental Security Income.  (AR 11-21).  Plaintiff asserted that he became disabled on December 11, 2010, due to bipolar disorder, and a learning disability.  (AR 11, 187).  A different Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on June 12, 2013.  (AR 25-51).

On July 11, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision essentially because plaintiff had failed to rebut the presumption of continuing non-disability raised by the Prior ALJ's Decision.  (AR

---

[1] A prior final determination that a claimant is not disabled creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability.  Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (citation omitted); Acquiescence Ruling ("AR") 97-4(9) at *3 (citing id.); see also Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995) (ALJ's prior finding that claimant is not disabled creates rebuttable presumption that claimant "continued to be able to work after that date") (citation and quotation marks omitted).  A claimant can rebut this presumption by proving "changed circumstances" (*i.e.*, existence of an impairment not previously considered, increase in the severity of an existing impairment, change in claimant's age category).  Lester, 81 F.3d at 827 (citations and quotation marks omitted); AR 97-4(9) at *3; see, e.g., Vasquez v. Astrue, 572 F.3d 586, 597-98 (9th Cir. 2009) (new allegation of mental impairment and fact that claimant was approaching advanced age constitute changed circumstances) (citations omitted); Schneider v. Commissioner of Social Security Administration, 223 F.3d 968, 973-74 (9th Cir. 2000) (finding changed circumstances from worsened psychological test scores and increased severity of diagnoses); Chavez, 844 F.2d at 693 (attainment of advanced age constitutes changed circumstance) (citations omitted).

11).  Specifically, the ALJ found:  (1) plaintiff suffered from the following severe impairment:  bipolar disorder, not otherwise specified (AR 13); (2) plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment (AR 14); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, but with additional nonexertional limitations[2] (AR 15); (4) plaintiff had no past relevant work (AR 19); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically janitor, warehouse worker, and hand packager (AR 19-20); and (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects of his subjective symptoms were not entirely credible (AR 16).

The Appeals Council denied plaintiff's application for review.  (AR 1).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

---

[2] The ALJ determined that plaintiff:  (i) was limited to simple and repetitive tasks, with no interaction with the public, and only occasional interaction with co-workers and supervisors; (ii) could not perform tasks requiring hypervigilance; (iii) could not perform fast-paced work; and (iv) could not be responsible for the safety of others.  (AR 15).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

///

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision, and the decision may not be affirmed on a ground upon which the ALJ did not rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless.  Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) the ALJ's path may reasonably be discerned, even if the ALJ explains the ALJ's decision with less than ideal clarity.  Id. (citation, quotation marks and internal quotations marks omitted).

A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 462013, *3 (9th Cir. Aug. 4, 2015) (No. 13-15213)[3] (citing Stout, 454 F.3d at 1054); see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may not use harmless error analysis to affirm decision on ground not invoked by ALJ) (citation omitted). Where a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh, 792 F.3d at 1173 (remanding for additional explanation where ALJ ignored treating doctor's opinion and court not could not confidently conclude ALJ's error was harmless); Treichler, 775 F.2d at 1099-1102 (where agency errs in reaching decision to deny benefits and error is not harmless, remand for additional investigation or explanation ordinarily appropriate).

### C. Medical Opinion Evidence

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 416.927(c)(2); Orn, 495 F.3d at 631 (citations and quotation marks omitted). As a general rule, opinions from treating physicians are given the greatest weight "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and

---

[3]The Court takes judicial notice of the Ninth Circuit's docket in Brown-Hunter which reflects that a petition for rehearing is pending in such case. Fed. R. Evid. 201.

6

observe the patient as an individual. . . ." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) (citations omitted). An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

A treating physician's opinion is not necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject the uncontroverted opinion of a treating physician or an examining physician by providing "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject the treating/examining opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (same) (citations omitted); see also Magallanes, 881 F.2d at 751, 755 (ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). Nonetheless, an ALJ "must do more than offer [] conclusions." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinion insufficient) (citation omitted). "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

7

## IV. DISCUSSION

In a Mental Residual Functional Capacity Questionnaire dated March 4, 2013 ("March Questionnaire"), Dr. Han V. Nguyen, plaintiff's treating psychiatrist at the San Bernardino County Department of Behavioral Health, diagnosed plaintiff with Bipolar I Disorder (296.64) and essentially opined that plaintiff had no mental abilities or aptitudes necessary for meeting the competitive standards required for unskilled work ("Dr. Nguyen's Opinions"). (AR 291-95; Plaintiff's Motion Ex. A). Plaintiff contends that the ALJ failed properly to consider Dr. Nguyen's Opinions. (Plaintiff's Motion at 4-7). For the reasons discussed more fully below, the Court finds that a remand is warranted.

First, the reasons the ALJ gave for rejecting Dr. Nguyen's Opinions were not sufficiently specific. For example, the ALJ stated that he gave "little weight" to Dr. Nguyen's Opinions, in part, because the March Questionnaire "include[d] only conclusions regarding functional limitations without any rationale for those conclusions" and "[had] no probative value because any objective evidence does not support it," and because "the course of treatment undergone by [plaintiff] has not been consistent with what one would expect if [plaintiff] were truly disabled." (AR 18). Such broad and general reasons were insufficient, however, since the ALJ did not provide his own interpretations of the specific evidence at issue and explain why they, rather than Dr. Nguyen's, were correct. See Embrey, 849 F.2d at 422-23 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the [treating] doctors', are correct.") (footnote omitted); see also McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (ALJ improperly rejected

///

treating physician's opinion for "broad and vague" reasons that "[failed] to specify why the ALJ felt the treating physician's opinion was flawed").

Second, the ALJ's conclusion that the March Questionnaire lacked "*any* rationale" for Dr. Nguyen's Opinions regarding plaintiff's functional limitations (AR 18) (emphasis added) is not wholly accurate. For example, after the question that sought a description of "the clinical findings including results of mental status examination that demonstrate the severity of [plaintiff's] mental impairment and symptoms," Dr. Nguyen wrote that plaintiff "exhibits" multiple symptoms including auditory hallucinations, visual hallucinations, suicidal ideation, insomnia, poor concentration, agitation, fluctuation between high/low energy, depressed mood, irritability, angry outbursts, mood swings, impulsivity, racing thoughts, isolation, feelings of guilt and worthlessness, and poor memory. (AR 291). Dr. Nguyen also identified multiple other "signs and symptoms" for plaintiff by selecting specific findings from a extensive checklist provided in the March Questionnaire. (AR 291-92).

Similarly, the ALJ's conclusion that the March Questionnaire was not supported by "*any* objective evidence" (AR 18) (emphasis added) appears inaccurate as well. For example, plaintiff's medical records from Dr. Nguyen contain, among other things (1) records from February 22, 2013, including a completed Adult Clinical Assessment form – which includes a mental status evaluation of plaintiff – and a Diagnosis form – which, in part, diagnoses plaintiff with Bipolar I Disorder (296.64) and is signed by Dr. Nguyen (AR 286-90); (2) Diagnostic Symptoms and Related Impairments forms completed by Dr. Nguyen on April 13 and May 11, 2012, which include sections for "Diagnostic (Dx) Symptoms" and "Observable, measurable, functional impairments related to diagnostic symptoms" that appear to document, among other things, "irritable mood, low frustration threshold, suicidal ideation, and poor concentration" (AR 238-239); and (3) multiple "Medication Visit" forms which (although often

difficult to decipher) document many of the same signs and symptoms for plaintiff identified in the March Questionnaire, and also reflect that Dr. Nguyen treated plaintiff for approximately two years, and prescribed medication to treat plaintiff's symptoms (AR 239-52; 262-64, 283-85).

      Such incorrect characterization of the medical evidence calls into question the validity of both the ALJ's evaluation of Dr. Nguyen's Opinions and the ALJ's decision as a whole. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); Smith v. Astrue, 2009 WL 1653032, *5 (C.D. Cal. June 10, 2009) ("It is improper to reject a treating physician's opinion where he provided at least some objective observations and testing in addition to subjective opinions.") (citing, *inter alia*, Embrey, 849 F.2d at 421); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

      Third, consequently, the ALJ's conclusory assertion that the March Questionnaire "appears to have been completed as an accommodation to [plaintiff]" (AR 18) was not a legitimate basis for rejecting Dr. Nguyen's Opinions. See Lester, 81 F.3d at 832 (Absent evidence of "actual improprieties" ALJ may not reject a medical opinion simply because it was provided in support of a claim for social security benefits.); see also Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 n.5 (9th Cir. 2004) ("[T]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them.") (citation omitted); Lester, 81 F.3d at 832 ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.") (quoting Ratto v. Secretary, 839 F. Supp. 1415, 1426 (D. Or. 1993) (internal quotation marks omitted). Moreover, given the significant mental limitations in Dr. Nguyen's Opinions, the Court cannot confidently conclude that the foregoing

errors were harmless – *i.e.*, that no reasonable ALJ could have reached a different disability determination absent such errors.

Finally, remand is also appropriate to permit the ALJ to fully and fairly develop the record. An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. Bustamante, 262 F.3d at 954; see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty fully and fairly to develop record and to assure that claimant's interests are considered). This duty applies whether or not the claimant is represented, and is "heightened" where, like here, a claimant has a mental impairment and "[may be] unable to protect [his] own interests." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted); DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) (duty to develop record "especially important" where claimant has mental impairments). The ALJ's duty to develop the record is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted). Here, remand is appropriate to permit the ALJ to resolve the ambiguities he identified in the March Questionnaire – *i.e.*, that "there is no evidence of who completed [the] form" and that the form "seems to contain inconsistencies as it indicates [plaintiff] is unable to meet competitive standards, but also indicates [plaintiff] is currently stable with psychotropic medications." (AR 18).

///
///
///
///
///
///
///

## V.  CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 30, 2015

                                      /s/
                               Honorable Jacqueline Chooljian
                               UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.  On remand, however, the ALJ may wish more specifically to address plaintiff's contention that there was an apparent conflict between the requirements of the representative jobs identified by the vocational expert at the hearing and plaintiff's mental abilities, given plaintiff's testimony that he is "virtually incapable of reading or writing" in English. (Plaintiff's Motion at 8-9) (citing AR 36-37); see, e.g., Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (ALJ must "definitively explain" why language requirements for representative job identified by vocational expert are inconsistent with claimant's abilities) (noting requirement in connection with step four analysis) (citation omitted); Herrera v. Colvin, 2014 WL 3572227, *10 (C.D. Cal. July 21, 2014) (at step five ALJ was required to consider claimant's "inability to communicate in English" when determining what jobs were available to claimant) (citing id. at 846).

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).